24-975-cr
*United States v. King*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          24-975-cr

DARNELL KING, AKA SPIKE,

*Defendant - Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Nicholas J. Pinto, The Law Office of Nicholas J. Pinto, New York, NY. |
| For Appellee: | Ryan W. Allison, Qais Ghafary, and Michael D. Maimin, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Darnell King appeals from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *District Judge*) entered on April 10, 2024, sentencing him to a 114-month term of imprisonment, to be followed by three years of supervised release.  King was convicted at trial of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Evidence presented at trial showed that on March 21, 2021, King shot Tyquan Bess on a street corner in Mount Vernon, New York.  Video footage of the scene showed a man dressed in dark clothing and a mask arrive at the location of the shooting, hide behind a parked car, attack Bess as he walked by, and discharge a firearm twice amid a scuffle.  It then showed the man flee down nearby streets and enter a doorway in a small crawl space at the end of an alleyway.  Police later recovered a pistol from the crawl space and identified a frame in the video footage where the man removed his mask to reveal his face.  King was then arrested in connection with the shooting.  At trial, Detectives Michael Barnes and Alice Ferreira of the Mount Vernon Police Department both identified King as the man in the video footage.  At the close of the one-week trial, the jury returned a guilty verdict.

King now asks this Court to reverse his conviction on the following grounds: (1) the district court erred in permitting Detectives Barnes and Ferriera to testify to King's identity in the footage; (2) there was insufficient evidence to sustain King's conviction; (3) the district court erred in denying King's motion for a mistrial due to the Government's statement in its summation;

2

(4) King's sentence was procedurally and substantively unreasonable; and (5) § 922(g)(1) violates the Second Amendment. We assume the parties' familiarity with the case.

We start with King's challenge to Detectives Barnes' and Ferreira's identification testimony. The district court did not abuse its discretion in finding that this testimony was helpful to the jury, and thus admissible under Federal Rule of Evidence 701. Detective Barnes testified that he had encountered King numerous times during his regular patrol of the area, and Detective Ferreira testified that she had seen King during a traffic stop. We agree with the district court that these encounters provided a sufficient basis for them to have observed his physical traits. *See United States v. Walker*, 974 F.3d 193, 205 (2d Cir. 2020).[1] The testimony did not prejudice King because neither officer "delve[d] into the circumstances of [their] relationships with [King]" beyond the neutral encounters, properly "leaving to [King] the decision whether to reveal his criminal history." *Id.* Indeed, any potential prejudice was eliminated by King's own decision to call his parole officers to testify. We see no abuse of discretion in the district court's conclusion that any prejudice did not substantially outweigh the probative value of this testimony. *See* Fed. R. Evid. 403.

Next, we review *de novo* King's challenge to the sufficiency of the evidence supporting his conviction. *United States v. Osuba*, 67 F.4th 56, 61 (2d Cir. 2023). King has failed to meet the "heavy burden" required to sustain a sufficiency challenge, *id.*, because his conviction was supported by a substantial body of evidence. At trial, the Government presented testimony from two detectives identifying King as the shooter in the video footage, a note from King's phone admitting to having recently shot a victim who then survived, metadata from King's phone

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

showing that he took a picture at the same location where footage showed the assailant remove his mask approximately 50 minutes earlier, and a recent photograph of King to compare to the unmasked man in the footage. That evidence, assessed in the aggregate, was more than sufficient to allow a rational jury to convict King.

Next, King argues that the Government committed prosecutorial misconduct when it started its summation by stating that "[w]e are here because Darnell King used a gun to shoot Bess" and concluded its summation by repeatedly referring to King as "the masked shooter." Appellant's Br. at 24 (quoting Joint App'x at 412); Joint App'x at 425–26. Like the district court, we disagree that the Government's remarks caused "prejudice so severe as to amount to a denial of a constitutionally fair trial." *United States v. Wynder*, 147 F.4th 200, 215–16 (2d Cir. 2025). It was indisputably proper for the jury to see the video evidence of the masked man shooting Bess, because the possession charge against King was premised on the theory that he was the shooter. The Government was permitted to argue to the jury about King's alleged firearm possession in the context of the evidence admitted at trial.

King's challenges to his sentence also fail. He argues that the district court procedurally erred by using the attempted first-degree murder guideline at U.S.S.G. § 2A2.1(a)(1) to establish his base offense level. We agree, however, with the district court that the requisite finding of premeditation was supported by the evidence showing that King waited for Bess outside before racing to him when he approached, and that King's intent to murder could be fairly inferred from his discharge of two shots directly at Bess at close range. Further, the district court satisfied the "low threshold" for providing an adequate statement of reasons for the sentence under 18 U.S.C. § 3553(c), *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020), by acknowledging that it "t[ook] into account the nature and circumstances of the offense and the history and characteristics

of [King]" as well as "all of the factors listed in 18 U.S.C. § 3553(a)," Joint App'x at 518. In addition, King's 114-month term of imprisonment—which was six months less than the statutory maximum of 120 months and considerably less than the properly calculated advisory Guidelines range of 210 to 262 months—was not "shockingly high" or "otherwise unsupportable as a matter of law" so as to render his sentence substantively unreasonable. *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020).

Finally, King's challenge to the constitutionality of 18 U.S.C. § 922(g)(1) is foreclosed by *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025).

\*     \*     \*

We have considered King's remaining arguments and find them unpersuasive. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
